IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>    vs.<br><br>THERESA L. PANZICA, et al.,<br><br>            Defendants. | Case No. 08 C 2177 |

## PARTIES' JOINT STATUS REPORT

Pursuant to the Court's Standing Order Requiring Initial Status Report, Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul") and Defendants Theresa L. Panzica and Theresa L. Panzica LLC ("Panzica") submit the following initial joint status report.

**A.   Attorneys of Record**

For St. Paul:

Christopher J. Bannon
Aronberg Goldgehn Davis & Garmisa
330 N Wabash, Suite 1700
Chicago, Illinois  60611
Phone:  312-828-9600

For Panzica:

George B. Collins, Esq.
Collins Bargione & Vukovich
One North LaSalle Street, Suite 300
Chicago, IL 60602
Phone:  312-372-7813

**B.   Basis for Federal Jurisdiction**

Jurisdiction is based on diversity of citizenship.  St. Paul is incorporated under the laws of Minnesota and has its principal place of business in Minnesota.  Theresa L. Panzica is an individual domiciled in Illinois.  Theresa L. Panzica LLC is a limited liability company organized under the laws of Illinois, has its principal place of business in Illinois.  The remaining defendants are individuals domiciled in Illinois.  The amount of controversy is in excess of $75,000, exclusive of interest and costs.

C.   **Nature of Claims**

The claims asserted in St. Paul's Complaint are for declaratory relief. St. Paul seeks a declaration that it has no duty to defend or indemnify Panzica with respect to a lawsuit filed in the Circuit Court of Cook County, Illinois by the remaining defendants, titled *Nina Birindjieva, et al. v. Svetlozar Dimitrov a/k/a/ Svetlozar Skulev, et al.*, case number 08 L 1473 (the "Lawsuit").

D.   **Status of Service**

All parties have either appeared in response to notices of lawsuit, or have agreed to waive service.

E.   **Principal Legal Issues**

The principal legal issue in this case is whether St. Paul has a duty to defend Panzica in the Lawsuit, in which Panzica and other parties are alleged to have engaged in a fraudulent scheme and conspiracy to defraud real estate purchasers into agreeing to purchase 48 separate properties and to falsify documents submitted to various lenders for the purpose of securing financing for the purchases. St. Paul contends that the Lawyers Professional Liability Policy it issued to Panzica (the "Policy") does not apply to the Lawsuit because (1) the claims alleged in the Lawsuit are excluded by a Policy exclusion for claims arising out of any dishonest, fraudulent, criminal or malicious act, error or omission, and (2) the relief sought in the Lawsuit does not arise out of an error, omission, or negligent act in the rendering of, or failing to render, "professional legal services," as that term is defined in the Policy. Panzica disagrees with St. Paul's contentions, and asserts that St. Paul has a duty to defend the Lawsuit.

F.   **Principal Factual Issues**

St. Paul contends that there are no disputed factual issues, as the duty to defend should be determined by the allegations of the underlying complaint. Panzica contends that she is being

2

sued for closing real estate transactions for sellers without learning the condition of the properties and that she had a duty to inform the buyers of the condition of the properties.

### G. Whether a Jury Trial Has Been Demanded

No jury demand has been demanded in this declaratory judgment action.

### H. Discovery

At this time, the parties do not anticipate the need for discovery prior to the filing of summary judgment motions seeking this Court's determination of the duty to defend. St. Paul contends that, pursuant to Illinois law, the determination of an insurer's duty to defend is based solely upon the allegations of the Complaint in the Lawsuit. Panzica contends that certain extraneous evidence may be considered in this determination and would submit such evidence in connection with summary judgment briefing. The parties request that the Court defer scheduling discovery closure dates and defer Rule 26 disclosure requirements until the Court rules on summary judgment.

### I. Estimated Trial Readiness and Length of Trial

The parties do not anticipate that this case will require trial and believe that the Court's determination of the duty to defend should be decided pursuant to summary judgment. St. Paul is prepared to file a dispositive summary judgment motion within 30 days of the initial status conference. Panzica, because of the circumstances of counsel, requests that summary judgment motions not be filed until a date in August 2008.

### J. Proceedings Before Magistrate Judge

The parties do not consent unanimously to proceed before a Magistrate Judge.

K.     **Status of Settlement Discussions**

St. Paul and Defendants other than Panzica (the "Underlying Claimant Defendants") have reached agreement, in principal, with respect to their dismissal from this action, subject to a stipulation that they are bound by any judgment entered by the Court. The Underlying Claimant Defendants are the plaintiffs in the Lawsuit against Panzica, and were named in this action as necessary party defendants pursuant to Illinois law. Based upon their anticipated stipulation to be bound by any judgment, they would no longer be necessary parties, and may then be dismissed from the case.

L.     **Settlement Conference**

The parties do not request a settlement conference at this time.

| | |
|---|---|
| ST. PAUL FIRE AND MARINE<br> INSURANCE COMPANY | THERESA L. PANZICA AND<br> THERESA L. PANZICA, LLC |
| By: */s Christopher J. Bannon*<br>Christopher J. Bannon<br>Aronberg Goldgehn Davis & Garmisa<br>330 N Wabash, Suite 1700<br>Chicago, Illinois  60611<br>Phone:  312-828-9600 | By: */s George B. Collins*<br>George B. Collins, Esq.<br>Collins Bargione & Vukovich<br>One North LaSalle Street, Suite 300<br>Chicago, IL 60602<br>Phone:  312-372-7813 |

484498.v1