IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, )<br>)<br>**Plaintiff,**                )<br>)<br>vs.                                                 )<br>)<br>THERESA L. PANZICA, THERESA L. PANZICA, LLC, )<br>NINA BIRINDJIEVA, VELITCHKA BONTCHEVA, )<br>PETYO DIMITROV, MARIANA DIMINTROVA, )<br>JULIAN DOBRINOV, HRISTO EDREV, SNEJANA )<br>GALTCHEVA, STEFAN GISHIN, LATCHEZAR GUISHIN, )<br>RADKA GUISHINA, VANIA IORDANOVA, )<br>NEDCO IVANOV, YEVGENIY KAPLUNSKIY, RADKA )<br>KUCAROVA, TIHOMIR PENEV, STANISLAVA PENEVA, )<br>TATYANA ROWE, VESSELA SLAVOVA, SVETLOZAR )<br>STOYANOV, STEFAN STOYKOV, LIOUBOV )<br>STOYKOVA, KRASSIMIRE TCHERNEV, PETIA )<br>TCHERNEVA, YORDAN TIMOV, ISABELLA TIMOV, )<br>AND GEORGI VRANSKI, )<br>)<br>**Defendants.**           ) | No. 08 CV 2177<br><br>Judge Robert M. Dow, Jr.<br><br>Mag. Cox |

**MOTION TO STAY PROCEEDINGS**

Defendants Theresa L. Panzica and Theresa L. Panzica, LLC (together, "Panzica"), by their attorney George B. Collins of Collins, Bargione & Vuckovich, and for their Motion to Stay Proceedings in the present action for Declaratory Judgment filed by St. Paul Fire and Marine Insurance Company ("St. Paul"), respectfully move this Honorable Court for the entry of an Order staying all proceedings in the present action for Declaratory Judgment pending further action by the plaintiff in the Underlying Case. In support of this Motion, Panzica states as follows:

1

1. Panzica was named in a lawsuit filed on February 8, 2008 in the Circuit Court of Cook County, Illinois styled *Nina Birindjeiva, et al. v. Svetlozar Dimitrov a/k/a Svetlozar Skulev, et al.,* case number 08 L 1473 (the "Underlying Case").

2. On April 16, 2008, St. Paul filed a Complaint for Declaratory Judgment in this Court seeking a declaration that St. Paul has no duty or obligation to defend or indemnify Panzica under an insurance policy issued to Panzica in connection with matters alleged in the Underlying Case.

3. On June 10, 2008, this Honorable Court ordered that the parties shall file cross-motions for summary judgment with supporting briefs on or before August 15, 2008, response briefs by September 15, 2008, and reply briefs by September 29, 2008. A copy of the Docket Entry is attached hereto as **Exhibit A**.

4. On July 21, 2008, the Honorable Judge Bill Taylor entered an Order in the Circuit Court of Cook County, Illinois dismissing the Underlying Case without prejudice and with leave to refile, and set a status date for September 18, 2008. A copy of the Order is attached hereto as **Exhibit B**.

5. It is believed that the plaintiff in the Underlying Case is likely to amend the original complaint, but neither St. Paul nor Panzica can predict what the allegations will be if the plaintiff does file an amended complaint. The only certainty is that the amended complaint will be different than the original complaint upon which this action for Declaratory Judgment is based.

6. The parties cannot proceed at this time on cross-motions for summary judgment in the present action for Declaratory Judgment because the Underlying Case has been dismissed in the Circuit Court of Cook County, Illinois.

7. Panzica has not yet been served in the Underlying Case, and counsel for Panzica has not actively defended Panzica in the Underlying Case as of the date of the filing of this Motion. Therefore, Panzica has not incurred any legal fees to date in defending the Underlying Case.

8. Panzica respectfully requests that this Honorable Court stay all proceedings in the present action for Declaratory Judgment pending further action in the Underlying Case in the Circuit Court of Cook County, Illinois.

WHEREFORE, for the foregoing reasons the Defendants, Theresa L. Panzica and Theresa L. Panzica, LLC, respectfully request that this Honorable Court enter an order staying all proceedings in the present action for Declaratory Judgment pending further action in the Underlying Case in the Circuit Court of Cook County, Illinois.

Respectfully submitted,

s/s George B. Collins
One of the Attorney for Defendants
Theresa L. Panzica and Theresa L. Panzica, LLC

George B. Collins
Adrian Vuckovich
COLLINS, BARGIONE & VUCKOVICH
One North LaSalle St., #300
Chicago, IL 60602
(312) 372-7813

# EXHIBIT A

# Docket Entry of June 10, 2008

Case 1:08-cv-02177  Document 40-2  Filed 07/24/2008  Page 1 of 2

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.2.1
### Eastern Division

St. Paul Fire and Marine Insurance Company

Plaintiff,

v.

Case No.:
1:08−cv−02177
Honorable Robert M. Dow Jr.

Theresa L Panzica, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, June 10, 2008:

    MINUTE entry before the Honorable Robert M. Dow, Jr:Status hearing held on 6/10/2008. Parties to file cross−motions for summary judgment with supporting briefs on or before 8/15/08; response briefs by 9/15/08; reply briefs by 9/29/08; ruling on cross−motions will be by mail.mailed notice(tbk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# EXHIBIT B

# July 21, 2008 Order in Underlying Complaint

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| NINA BIRINDJIEVA, et al., | ) |
| Plaintiffs, | ) |
| v. | ) 08 L 1473 |
| SVETOLOZAR DIMITROV, et al., | ) |
| Defendants. | ) |

### ORDER

This matter having coming to be heard upon the motion of Defendants Selmaan Ansari ("Ansari"), Ansari Law Group, Ltd. ("ALG"), (collectively the "Ansari Defendants"), Al Haroon bin Asad Husain ("Husain"), Himont Law Group, Ltd. ("Himont"), Ameri-Realty, LLC ("Ameri-Realty"), Trivex Realty, Ltd. ("Trivex"), and First Equity Title, Inc. ("First Equity"), and on the motion of Defendant, Anthony Panzica, ("Panzica") to dismiss Plaintiffs' Complaint, due notice having been given, and the Court being otherwise advised in the premises:

The Court makes the following ruling and offers the following reasons thereto:

### Facts

On February 8, 2008, Plaintiffs filed a two hundred fifty-eight (258) count complaint against numerous defendants, including Ansari, ALG, the Ansari Defendants, Husain, Himont, Ameri-Realty, Trivex, and First Equity (collectively the "Husain Defendants") and Panzica. The Complaint alleges that Defendants have acted together and conspired to defraud plaintiffs by making false representations of property prices and arranging property transactions to the Plaintiff buyers.

The Husain Defendants acted in the role of Real Estate Attorneys in many of the transactions which took place. Plaintiffs allege that among other things, the Husain Defendants created documents which purported to transfer Power of Attorney of Plaintiffs' properties to the Husain Defendants. In creating these documents, Defendants allegedly forged Plaintiffs' names on the documents. Defendant A. Panzica was the attorney representing defendant Mohammed Karkukly ("Karkukly"), the alleged mastermind of the sham operation. Plaintiffs allege a number of Counts against the Defendants, too numerous to list here.

## Court's Reasoning

Defendants now move pursuant to Illinois Rules of Civil Procedure 2-615 (735 ILCS 5/2-615) to dismiss Plaintiffs' Complaint. Properly pleaded allegations are assumed to be true for purposes of a motion to dismiss under section 2-615. Pelham v. Griesheimer, 91 Ill. 2d 456 (1982). In Illinois, the Plaintiff need present sufficient facts to bring his claim within the scope of a legally recognized cause of action. Kirwan v. Lincolnshire-Riverwoods Fire Protection Dist., 349 Ill. App. 3d 150, 156-57 (2d Dist. 2004). A cause of action should be dismissed on the pleadings only if it is clearly apparent that no set of facts can be proved which will entitle the plaintiff to recover. DiBenedetto v. Flora Township, 219 Ill. App. 3d 1091 (2d Dist. 1991).

Illinois law requires each count be separately pleaded, designated and numbered, and each shall be divided into paragraphs numbered consecutively, each paragraph containing a separate allegation. 735 ILCS 5/2-603(b). However, "[p]arties may plead as many causes of action, counterclaims, defenses, and

matters in reply as they may have, and each shall be separately designated and numbered." 735 ILCS 5/2-613(a). Furthermore, [w]hen a party is in doubt as to which of two or more statements of fact is true, he or she may, regardless of consistency, state them in the alternative or hypothetically in the same or different counts . . . 735 ILCS 5/2-613(b).

In Section I of Defendants Motion, Defendants argue that Plaintiffs' Complaint is extensive in its pleadings and that the Complaint violates Section 2-603(b). The Court disagrees. While Plaintiffs' Complaint is over 500 pages in length, it also contains over 250 counts against over 30 Defendants. Generally each count is described by a statement which the Court finds to be sufficiently plain and concise. The Complaint does not violate Section 2-603(b) requirements.

However, each count of the Complaint includes statements that each previously pleaded count would be repeated and re-alleged. This is inappropriate and does not allow Defendants a chance to sufficiently answer the Complaint. For this reason, the Complaint is dismissed without prejudice.

The Court notes that successful claims of common law fraud and under the Consumer Fraud Act must allege, with specificity and particularity, facts from which fraud is the necessary or probable inference, including what misrepresentations were made, when they were made, who made the misrepresentations and to whom they were made. . Connick v. Suzuki Motor Co., 174 Ill.2d 482, 496, (1996).

For Plaintiffs to continue forward on these counts, they will need to re-allege what misrepresentations were made, by whom, and specifically when they were made. Plaintiffs current pleadings fall short of alleging the particularity necessary. The Court also notes that in certain instances, claims under the Consumer Fraud Act may be allowed against an individual whose occupation is that of attorney.

The Court notes that a number of claims for Conspiracy to commit fraud have been brought against Defendants. The Court finds insufficient allegations have been asserted regarding the Counts of Conspiracy. Without more, Plaintiffs have not sufficiently pleaded any claims for Conspiracy.

IT IS HEREBY ORDERED THAT:

1. The Husain Defendants' motion to dismiss Plaintiffs' Complaint is granted without prejudice.

2. Panzica's motion to dismiss Plaintiffs' Complaint against him is granted without prejudice.

3. Status is set for 9/18/08 at 10:30.

Date: July 21, 2008

Judge

*[Stamp: ENTERED JUDGE BILL TAYLOR-1648 JUL 21 2008 DOROTHY BROWN CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL DEPUTY CLERK]*

- 4 -